IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-02391-CNS-NRN

KENNETH SORAK,

    Plaintiff,

v.

THERESA CISNEROS in her official capacity as Senior Judge,
AMANDA BRADLEY in her official capacity as Magistrate, and
COLORADO JUDICIAL BRANCH,

    Defendants.

---

# ORDER

---

Before the Court is United States Magistrate Judge N. Reid Neureiter's Recommendation on Defendants' Motion to Dismiss. ECF No. 17. (Recommendation). Plaintiff objected to the Recommendation, ECF No. 18, and Defendants responded, ECF No. 19. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I.    SUMMARY FOR PRO SE PLAINTIFF

On October 13, 2023, Defendants filed a motion to dismiss with Magistrate Judge Neureiter. ECF No. 8.  Magistrate Judge Neureiter recommended that the Defendants'

1

motion to dismiss be granted. You then filed a response to Magistrate Judge Neureiter's Recommendation, objecting to the Recommendation to grant the motion to dismiss. The Defendants then filed a response to the objections you made to Magistrate Judge Neureiter's Recommendation.

Magistrate Judge Neureiter made the Recommendation to grant the motion to dismiss for two reasons. Primarily, this Court does not have jurisdiction to hear this case because the *Rooker-Feldman* doctrine applies. Also, any claims for money damages are barred by the Eleventh Amendment.

In your response, you objected to the Recommendation first by arguing that this Court does have jurisdiction. You argued that there are federal issues, including constitutional issues, that this Court should have jurisdiction over, and that the *Rooker-Feldman* doctrine does not apply. You also argued that the Eleventh Amendment does not bar the claims for money damages.

After considering the arguments raised in your objection and reviewing all of the related briefing, the Court is overruling your objection and it is affirming and adopting Magistrate Judge Neureiter's Recommendation. The Court will explain why it is doing so below. This Order will discuss the legal authority that supports this conclusion.

## II.   BACKGROUND

This case arises from a Colorado state court domestic relations case, Case No. 2019DR742, between Kenneth Sorak, Plaintiff, and Amy Edwards Sorak that took place between 2019 and 2023. *See generally* ECF No. 1 (Complaint). Plaintiff alleges that the Defendants, two judicial officers and the Colorado Judicial Branch, deprived him of his

Fourth and Fourteenth Amendment Rights based on their rulings in the domestic relations proceedings. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

### III. STANDARD OF REVIEW AND LEGAL STANDARDS

#### A. Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### B. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction. Rule 12(b)(1) challenges assume two forms. First, the moving party may mount a "facial attack" that challenges the complaint's allegations as to the "existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Id.* (citation omitted). It is well settled that Plaintiff bears the

3

burden of establishing subject matter jurisdiction because he is the party asserting it. *Port City Props. v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

In this case, Defendants implicate the first type of Rule 12(b)(1) challenge, arguing that Plaintiff cannot establish jurisdiction because his claims are barred by the *Rooker-Feldman* doctrine and the Eleventh Amendment. *See generally* ECF No. 8.

## IV.   ANALYSIS

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a de novo review of those parts of the Recommendation to which Plaintiff properly objected. The Court's analysis follows, but as noted above, the Court concurs with the analysis of Magistrate Judge Neureiter and overrules each of Plaintiff's objections.

### A.  The *Rooker-Feldman* Doctrine

Magistrate Judge Neureiter determined that subject matter jurisdiction is lacking for Plaintiff's claims under the *Rooker-Feldman* doctrine. Recommendation at 7. The Court agrees. "The *Rooker-Feldman* doctrine is derived from 28 U.S.C. § 1257(a), [which] provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Suasnavas v. Stover*, 196 F. App'x 647, 652 n.3 (10th Cir. 2006) (internal quotation omitted). "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004). The doctrine "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case

seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261 (10th Cir. 2012). Federal district courts lack jurisdiction to review or reverse a state court judgment, and they also lack jurisdiction to issue declaratory relief that is "inextricably intertwined" with the state court judgment, meaning that the injury alleged resulted from the judgment. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Facio*, 929 F.2d at 544.

In this case, Magistrate Judge Neureiter found that all of Plaintiff's claims against Defendants impermissibly ask the court to reverse or set aside state court orders, including the protective order and parenting and child support orders issued in the domestic relations proceedings. The Court agrees. While the request to overturn the state court's decisions is couched in constitutional terms as a denial of his Fourth and Fourteenth Amendment rights, a ruling on the constitutional issues would be so inextricably intertwined with the state court orders that, as in *Facio*, the *Rooker-Feldman* doctrine bars jurisdiction. As Magistrate Judge Neureiter pointed out, when the relief sought is an order setting aside state court orders derived from divorce proceedings, federal district courts lack jurisdiction under the *Rooker-Feldman* doctrine. *See Facio*, 929 F.2d at 544; *Yisrael v. Russell*, 82 F. App'x. 629 (10th Cir. 2003).

5

### B. Eleventh Amendment Immunity

Magistrate Judge Neureiter determined that subject matter jurisdiction is also lacking over all claims against the Colorado Judicial Branch and the judicial officer Defendants in their official capacities because these claims are barred by the Eleventh Amendment. Recommendation at 9-10. The Court agrees.

The plain language of the Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language "has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment bars suits in federal court for damages against a state or a state officer sued in their official capacity, unless the state waives this immunity or Congress creates a statutory cause of action that abrogates this immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 97–102 (1984).

In this case, Magistrate Judge Neureiter correctly determined that all Defendants are protected by Eleventh Amendment immunity as a state or officers of a state. As Magistrate Judge Neureiter points out, "it is beyond dispute that the judicial branch of the State of Colorado has Eleventh Amendment immunity from § 1983 claims." *Lucas v. The Bd. of Cnty. Comm'rs of the Cnty. of Larimer Cnty. Colo.*, No. 19-cv-1251-WJM-SKC, 2020 WL 5642321 at *12 (D. Colo. Sept. 22, 2020).

## V. CONCLUSION

Accordingly, the Court overrules Plaintiff's objections and AFFIRMS and ADOPTS Magistrate Judge Neureiter's Recommendation, ECF No. 17, in its entirety as an order of this Court. Consistent with the above analysis, the Court makes the following rulings:

- Defendants' Motion to Dismiss, ECF No. 8, is GRANTED.
- All claims in Plaintiff's Complaint, ECF No. 1, are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[1]

All claims against all Defendants are dismissed, and the Clerk of Court is directed to close this case.

DATED this 3rd day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[1] *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2019) (dismissal for lack of subject matter jurisdiction is generally without prejudice).